# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LABORERS' PENSION FUND, and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and LABORERS' )
DISTRICT COUNCIL RETIREE HEALTH )
AND WELFARE FUND, CATHERINE )
WENSKUS, Administrator of the Funds, )
                       )
                **Plaintiffs,** )      **Case No. 19 C 2259**
    **v.** )
                       )      **Judge**
RANGER CONSTRUCTION INC., an Illinois )
corporation, JASPAL KALER, individually, )
and SATWANT KALER, individually, )
                       )
              **Defendants.** )

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the Funds (collectively the "Funds"), by their attorneys, Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine Mosenson, and Sara S. Schumann, for their Complaint against Defendants Ranger Construction Inc., an Illinois corporation, Jaspal Kaler, individually, and Satwant Kaler, individually, state:

## COUNT I
### (Failure to Submit Employee Benefit Contributions)

For a cause of action by Plaintiffs Funds against Defendant Ranger Construction Inc.:

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.     The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.     Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of District Council dues for transmittal to the District Council.  With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.     Defendant Ranger Construction Inc. (hereinafter "Ranger" or the "Company") is an Illinois corporation.  The Company does business within this District, and was at all times

2

relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.    The Construction and General Laborers' District Council ("District Council" or the "Union") is a labor organization within the meaning of 29 U.S.C. §185(a). The District Council and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017. ("Agreements"). (A copy of the Independent Construction Industry Collective Bargaining Agreement entered into between the District Council and the Company which Agreements adopt and incorporate Master Agreements between the District Council and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A).

7.    Defendant Jaspal Kaler is and was at all times relevant the managing Officer of the Company.

8.    Defendant Satwant Kaler is and was at all times relevant an Officer and Shareholder of the Company.

9.    The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete

3

Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

10.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

11.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

12.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

4

(a)    failed to submit and pay all benefit contributions due to the Pension Fund for the period of November 2018 forward, thereby depriving the Pension Fund of information and income necessary to administer the Fund;

(b)    failed to submit and pay all benefit contributions due to the Laborers' Welfare Funds of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of November 2018 forward, thereby depriving the Welfare Fund of information and income necessary to administer the Fund;

(c)    failed to submit and pay all benefit contributions due to the Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of November 2018 forward, thereby depriving the Retiree Welfare Fund of information and income necessary to administer the Fund;

(d)    failed to submit and pay all benefit contributions due to the Laborers' Training Fund for the period of November 2018 forward, thereby depriving the Training Fund of information and income necessary to administer the Fund;

(e)    failed to submit and pay all benefit contributions due to the CAICA Fund for the period of November 2018 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(f)    failed to submit and pay all benefit contributions due to the LECET Fund for the period of November 2018 forward, thereby depriving the Fund of information and income necessary to administer the Fund; and

(g)     failed to submit and pay all benefit contributions due to the LDCLMCC Fund for the period of November 2018 forward, thereby depriving the Fund of information and income necessary to administer the Fund.

13.     Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company owes liquidated damages plus interest on all unpaid contributions.

14.     The Company's actions in failing to submit and pay benefit reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145.

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ranger Construction Inc.:

a.     ordering the Company to submit reports and benefit contributions for the period of November 2018 forward;

b.     ordering the Company to submit its books and records to and audit for the period of April 1, 2017 forward upon demand;

b.     entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing on the reports and/or the audit for the period of April 1, 2017

forward including contributions, interest, liquidated damages, audit costs, and Plaintiffs'

reasonable attorneys' fees and costs; and

   c.  awarding Plaintiffs any further legal and equitable relief as the Court deems

appropriate.

**COUNT II**

**(Failure to Pay Union Dues)**

For a cause of action by Plaintiffs Funds against Ranger Construction Inc.:

   16.  Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

   17.  Pursuant to agreement, the Funds have been duly designated to serve as collection

agents for the District Council in that the Funds have been given the authority to collect from

employers union dues which have been or should have been deducted from the wages of covered

employees.

   18.  Notwithstanding the obligations imposed by the Agreements, the Company

performed covered work and the Company failed to withhold and/or submit payment of union

dues that were or should have been withheld from the wages of employees for the period of

November 2018 forward.

   19.  Pursuant to the Agreements, the Company owes liquidated damages on all late or

unpaid dues.

   20.  Pursuant to the Agreement, the Company is liable to the Funds for any unpaid

union dues revealed by the audit as well as liquidated damages, audit costs, reasonable attorneys'

fees and costs as the District Council's collection agent, and such other legal and equitable relief

as the Court deems appropriate

7

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ranger Construction Inc.:

      a.      ordering the Company to submit and pay dues reports for the period of November 2018 forward and to submit to an audit upon demand for the period of April 1, 2017 forward upon demand.

      b.      entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to reports and/or the audit for the period April 1, 2017 forward including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

      c.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

**(Failure to Submit Delinquent Employee Benefit Contributions as Revealed by an Audit)**

For a cause of action by Plaintiffs Funds against Ranger Construction Inc.:

21.      Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

22.      Notwithstanding the obligations imposed by the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company performed or subcontracted covered work during the audit period of January 1, 2014 through March 31, 2017, and:

      (a)      failed to report and pay contributions in the amount of $462,350.55 owed to Plaintiff Laborers' Pension Fund for the audit period of January 1, 2014 through March 31, 2017, thereby depriving the Laborers' Pension Fund of contributions, income

and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay contributions in the amount of $447,716.29 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2014 through March 31, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $160,502.70 owed to Plaintiff Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2014 through March 31, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries

(d)     failed to report and pay contributions in the amount of $21,863.30 owed to Laborers' Training Fund for the period of January 1, 2014 through March 31, 2017, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $6,443.89

9

owed to LDCLMCC for the audit period of January 1, 2014 through March 31, 2017, thereby depriving LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

       (f)    failed to report and pay contributions in the amount of $3,482.24 owed to CAICA Fund for the audit of January 1, 2014 through March 31, 2017, thereby depriving CAICA Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

       (g)    failed to report and pay contributions in the amount of $3,046.95 owed to LECET for the audit of January 1, 2014 through March 31, 2017, thereby depriving LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

A true and accurate copy of the audit report for the time period of October 1, 2015 through December 31, 2017 is attached as Exhibit B.

23.    Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company owes liquidated damages plus interest on all unpaid contributions.

24.    Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, the Company owes the Funds $2,670.00 in audit costs for the audit period of January 1, 2014 through March 31, 2017.

25.    The Company's actions in failing to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

26.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreements and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ranger Construction Inc.:

a.     entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of January 1, 2014 through March 31, 2017, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure to Pay Union Dues as Revealed by an Audit)

For a cause of action by Plaintiffs Funds against Defendant Ranger Construction Inc.:

27.     Plaintiffs reallege paragraphs 1 through 26 as though fully set forth herein.

28.     Notwithstanding the obligations imposed by the Agreements, the Company performed covered work during the audit period and the Company failed to withhold and/or submit payment of $10,743.39 in union dues that were or should have been withheld from the wages of employees for the period of January 1, 2014 through March 31, 2017, thereby depriving the District Council of information and income. See Exhibit B.

11

29. Pursuant to the Agreement, the Company owes liquidated damages on all late or unpaid dues. Accordingly, the Company owes liquidated damages for the unpaid union dues revealed as due and owing on the audit as well as audit costs, reasonable attorneys' fees and costs as the District Council's collection agent, and such other legal and equitable relief as the Court deems appropriate.

30. Pursuant to the Agreement, the Company is liable to the Funds for any unpaid union dues revealed by the audit as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the District Council's collection agent, and such other legal and equitable relief as the Court deems appropriate

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ranger Construction Inc.:

a. entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of January 1, 2014 through March 31, 2017, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT V

### (Defaulted Installment Note)

For a cause of action by Plaintiff District Council against Defendants Ranger Construction Inc., Jaspal Kaler and Satwant Kaler:

31. Plaintiffs reallege paragraphs 1 through 30 as though fully set forth herein.

32.   The Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. §1367(a).

33.   The Company failed to timely submit and pay benefit contributions for the period of September through December 2017.  Accordingly, the Company entered into an Installment Note ("Note") to pay those contributions.  A true and accurate copy of the Note is attached hereto as Exhibit C.

34.   Defendants Jaspal Kaler and Satwant Kaler entered into a Guaranty of Payment and Indemnification Agreement ("Guaranty") agreeing to Guaranty the amounts due on the Note, additional amounts of interest and liquidated damages totaling $25,851.61, and any amounts that were due or came due for the duration of the Note.  A true and accurate copy of the Guaranty is attached hereto as Exhibit D.

35.   The Company has defaulted on the Note.  Specifically, the Company has failed to pay the February 1, 2019 installment due on the Note and has failed to submit and pay the benefit contributions and dues identified in Counts I and II herein.

36.   Under the terms of the Note and Guaranty, Plaintiffs are entitled to accelerate all remaining amounts due under the terms of the Note and additional interest and liquidated damages totaling $25,851.61.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs and against Defendants Ranger Construction Inc., Jaspal Kaler and Satwant Kaler:

(a)   For all accelerated payments due on the Installment Note including liquidated damages and interest on any late or unpaid payments;

(b)   $25,851.61 in additional interest and liquidated damages;

13

(c)     Plaintiffs' reasonable attorneys' fees and costs; and

(d)     any and all other legal and equitable relief the Court deems just and appropriate.

## COUNT VI

### (Enforcement of Guaranty)

For a cause of action by Plaintiffs against Defendants Jaspal Kaler and Satwant Kaler:

37.     Plaintiffs reallege paragraphs 1 through 36 as though fully set forth herein.

38.     The Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. §1367(a).

39.     Pursuant to the terms of the Guaranty, Defendants Jaspal Kaler and Satwant Kaler are jointly and severally obligated to pay the Funds all amounts due as set forth in Counts I through IV of this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Funds and against Defendants Jaspal Kaler and Satwant Kaler jointly and severally for all amounts due from the Company as set forth in counts I through IV of this Complaint.

## COUNT VII

### (Fraud)

For a cause of action by Plaintiffs Funds and District Council against Defendant Jaspal Kaler:

40.     Plaintiffs reallege paragraphs 1 through 39.

41.     Defendant Jaspal Kaler, as the managing officer of the Company, had the ability to control and direct the employment and reporting obligations of individuals performing work defined as covered under the terms of the Agreements between the Company and the District Council.

14

42.     At times relevant herein, Jaspal Kaler had knowledge that individuals performing work defined as covered under the terms of the collective bargaining agreement between the Company and the District Council were not being paid the appropriate wages and were not having the appropriate benefit contributions reported and submitted on their behalf by the Company to the Funds and the District Council.

43.     Specifically, Jaspal Kaler intentionally paid employees in cash, systematically under-reported hours on benefit reports and maintained or caused and directed the Company to maintain false payroll information with the intent of under-reporting and not paying the appropriate wages, dues and benefit contributions due under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust..

44.     The Company, by or at the direction of Defendant Jaspal Kaler, intentionally submitted inaccurate benefit and dues reports from the period of May 2014 forward understating the number of hours worked by individuals who performed covered-work for the Company and underreporting the amount of money the individuals made or should have made during each monthly reporting-period.

45.     Defendant Jaspal Kaler knowingly submitted or caused to be submitted false benefit and corresponding dues reports on behalf of the Company to the Funds and the District Council.

46.     The Funds and the District Council relied to their detriment on the false reports submitted by the Company. Specifically, if the District Council had been aware that the Company had failed to pay and report the proper wages, dues and benefit contributions for work performed on the Company's projects, the District Council would have taken all lawful steps permitted under the Agreements including, but not limited to, taking job actions against the

15

Company and filing the appropriate lawsuit. If the Funds had been aware that the Company had failed to pay and report the proper wages, dues and benefit contributions, the Funds would have been precluded from crediting hours for the incomplete reports submitted by the Company at the direction of the Defendants and would have commenced the appropriate lawsuit at an earlier date. Thus, by submitting or causing to be submitted false reports, Defendant Jaspal Kaler has enabled the Company to continue to operate resulting in a benefit to the Defendants and increasing the liabilities owed by the Defendants to the Funds and the District Council.

47. The Funds, the District Council and the plan participants have suffered harm as a direct result of the false benefit and dues reports submitted by the Defendants. Specifically, the Funds and the District Council have incurred unpaid benefit contributions, dues, interest, liquidated damages, audit costs, and attorneys' fees and expenses. The Funds have also provided benefit coverage to individuals based on the submission of the incomplete and false reports. Said coverage would not have been provided had the Funds been aware that the reports were false and incomplete. As a result of the systematic under-reporting, individuals may have received eligibility based on less hours than actually worked, future welfare contribution rates may be impacted, the Pension Fund may be required to provide benefits to participants for which no contributions have been received, and in the event that the Funds are unable to obtain full recovery of all amounts due from the Defendants, the Funds may become under-funded.

48. Defendant Jaspal Kaler personally benefited from the submission of false reports submitted by the Company to the Funds and the District Council enabling the Company to continue operations and obtain financial gain including the payment of wages and dividends to Jaspal Kaler as a result of the continued operation of the Company. Thus, Jaspal Kaler obtained a

direct financial gain as a result of the submission of false benefit and dues reports to the Funds and the District Council.

49.     Defendant Jaspal Kaler is personally liable for any unpaid benefit contributions, dues, interest, liquidated damages, audit costs, and wages owed by the Company to the Funds and the District Council and should be found jointly and severally liable for all amounts revealed as due and owing pursuant to the Counts I through VI of Plaintiffs' Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Funds and against Defendant Jaspel Kaler jointly and severally for all amounts due to the Funds and the District Council as sought in Counts I through VI, the costs of any additional damages sustained by the Funds and the District Council as a result of the fraudulent misrepresentations, and any other legal and equitable relief as the Court deems just and appropriate.

April 3, 2019

Respectfully submitted,

Laborers' Pension Fund, et al.


By: /s/ Patrick T. Wallace

Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, Illinois 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8269 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between __Rangers Construction Inc.__ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer at any time during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Built Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Midwest Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s) herein.

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $1.75 per hour effective June 1, 2010; $1.80 per hour effective June 1, 2011; and $1.85 per hour effective June 1, 2012, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2010, the minimum wage rate shall be $35.20 per hour.

4. **Checkoff Deductions and Remittances.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Illinois Department of Revenue standard.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Laborers' District Council Cooperation Education Trust, the LDCLMCC, and to all other Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2010 (unless dated differently below) through May 31, 2013, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signatures

Dated: __5-22__, 20__14__

Rangos Construction Inc.

ACCEPTED:

Laborers' Local Union No. __76__

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

FEIN No.: _____

By: __Salwant K Raich__
(Print Name and Title)

By: _____
James P. Connolly, Business Manager

_____
(Signature)

By: _____
Richard Sherman, Secretary-Treasurer

__880 S Douglas Ave__
(Address)

__Chicago IL 60617__
(City, State and Zip Code)

For Office Use Only: __CAJCA*__

__773-375-5551__
(Telephone/Telefax)

RECEIVED JUN 04 2014



10/17/17

# LABORERS' PENSION & WELFARE FUNDS

AUDIT  1-1-14 - 3-31-17    FIELD REP  JF

EMPLOYER  RANGER CONSTRUCTION    CODE  35440

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CAICA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-1-14 - 5-31-14 | 3,331.00 | 44,568.78 | 13.38 | - | - | 31,711.12 | 9.52 | 1,665.50 | 0.50 | 1,556.24 | 399.72 | 0.12 | 266.48 | 0.08 | 233.17 | 0.07 | 80,401.01 |
| 6-1-14 - 5-31-15 | 13,018.00 | 129,929.62 | 9.98 | 49,472.20 | 3.80 | 131,752.28 | 10.12 | 6,509.50 | 0.50 | 2,890.73 | 1,562.28 | 0.12 | 1,041.52 | 0.08 | 911.33 | 0.07 | 324,069.51 |
| 6-1-15 - 5-31-16 | 12,293.40 | 122,688.13 | 9.98 | 49,173.60 | 4.00 | 131,785.25 | 10.72 | 6,146.70 | 0.50 | 2,437.28 | 2,089.90 | 0.17 | 983.47 | 0.08 | 860.52 | 0.07 | 316,164.45 |
| 6-1-16 - 3-31-17 | 6,934.50 | 69,206.31 | 9.98 | 29,471.64 | 4.25 | 80,232.18 | 11.57 | 3,467.25 | 0.50 | 3,643.00 | 1,175.88 | 0.17 | 554.76 | 0.08 | 485.40 | 0.07 | 188,239.42 |
| **DUES ONLY:** | | | | | | | | | | | | | | | | | |
| 6-1-14 - 5-31-15 | 200.00 | 1,996.00 | 9.98 | 760.00 | 3.80 | 2,024.00 | 10.12 | 100.00 | 0.50 | | | | - | | - | | 4,880.00 |
| 6-1-15 - 5-31-16 | 230.00 | 2,295.40 | 9.98 | 920.00 | 4.00 | 2,465.60 | 10.72 | 115.00 | 0.50 | | | | - | | - | | 5,796.00 |
| 6-1-16 - 3-31-17 | 200.00 | 1,996.00 | 9.98 | 850.00 | 4.25 | 2,314.00 | 11.57 | 100.00 | 0.50 | | | | - | | - | | 5,260.00 |
| **DUES ONLY:** | | | | | | | | | | | | | | | | | |
| 6-1-14 - 5-31-15 | 118.50 | - | | - | | - | | - | | | 14.22 | 0.12 | 9.48 | 0.08 | 8.30 | 0.07 | 32.00 |
| 6-1-15 - 5-31-16 | 268.00 | - | | - | | - | | - | | 216.09 | 45.56 | 0.17 | 21.44 | 0.08 | 18.76 | 0.07 | 301.85 |
| 6-1-16 - 3-31-17 | 45.00 | - | | - | | - | | - | | | 7.65 | 0.17 | 3.60 | 0.08 | 3.15 | 0.07 | 14.40 |
| **SUBTOTAL** | 44,158.04 | 447,716.29 | | 160,502.70 | | 462,350.55 | | 21,863.30 | | 10,743.39 | 6,443.89 | | 3,482.24 | | 3,046.95 | | 1,116,149.31 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | 1,074.34 | 644.39 | | 348.22 | | 304.70 | | 2,371.65 |
| 20% LIQUIDATED DAMAGES | | 89,543.26 | | 32,100.54 | | 92,470.11 | | 4,372.66 | | | | | | | | | 218,486.57 |
| AUDIT COSTS | | 907.90 | | 881.10 | | 881.10 | | | | | | | | | | | 2,670.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| DUES PENALTIES | | | | | | | | | | 4,258.28 | | | | | | | 4,258.28 |
| DUES SHORTAGES | | | | | | | | | | 1,710.17 | | | | | | | 1,710.17 |
| ACCUM. INTEREST | | 139,679.13 | | 38,966.09 | | 133,141.71 | | 6,481.73 | | | 1,793.96 | | 1,036.88 | | 907.28 | | 322,006.78 |
| **TOTAL DUE** | | 677,846.48 | | 232,450.43 | | 688,843.47 | | 32,717.69 | | 17,786.18 | 8,882.24 | | 4,867.34 | | 4,258.93 | | 1,667,652.76 |



EXHIBIT
B
tabbies

RANGER CONSTRUCTION
CHLAB-0517-03890
Acct #35440
January 1, 2014 through March 31, 2017
WITHOUT SOCIAL SECURITY NUMBERS

Page 1

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Ranger Construction
Case: CHLAB-0517-03890
Audit Period: 1/1/2014 - 3/31/2017
Fiscal Year End: May

Manager: Tim Kalnes
Auditor: Reid Karris

**CUMULATIVE**

| Findings | Fiscal Year Ending: | May 2017 | May 2016 | May 2015 | May 2014 | Total |
|---|---|---|---|---|---|---|
| Dollars Not Reported | | 97,146.58 | 70,755.74 | 88,945.50 | 47,883.40 | 304,731.22 |
| Hours Not Reported (Funds) | | 8,376.81 | 16,150.24 | 15,868.49 | 3,331.00 | 43,726.55 |
| Hours Not Reported (Dues) | | 8,221.81 | 16,188.24 | 15,786.99 | 3,331.00 | 43,528.05 |
| **Dollar Amount Due** | | | | | | |
| Welfare Fund | | 83,600.61 | 161,179.38 | 158,367.52 | 44,568.78 | 447,716.29 |
| Retiree Welfare Prefunding | | 35,601.46 | 64,600.95 | 60,300.29 | | 160,502.70 |
| Pension Fund | | 96,919.75 | 173,130.55 | 160,589.13 | 31,711.12 | 462,350.55 |
| Training Fund | | 4,188.41 | 8,075.13 | 7,934.26 | 1,665.50 | 21,863.30 |
| CAICA | | 657.75 | 1,295.07 | 1,262.94 | 266.48 | 3,482.24 |
| LDCLMCC | | 1,397.72 | 2,752.02 | 1,894.43 | 399.72 | 6,443.89 |
| LECET | | 575.53 | 1,133.17 | 1,105.08 | 233.17 | 3,046.95 |
| Dues | | 3,643.00 | 2,653.37 | 2,890.78 | 1,556.24 | 10,743.39 |
| **Total** | | 226,584.23 | 414,819.64 | 394,344.43 | 80,401.01 | 1,116,149.31 |

| | |
|---|---|
| Liquidated Damages | 0.00 |
| Dues Penalties | 4,258.28 |
| Dues Shortages | 1,710.17 |
| Audit Fee | 2,670.00 |
| **Total Amount Due** | **1,124,787.76** |

Page 2

## Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Ranger Construction
    Case: CHLAB-0517-03890      Manager:  Tim Kalnes
Audit Period: 1/1/2014 - 3/31/2017      Auditor:  Reid Karris
Fiscal Year End: May

### ALL FUNDS MINUS SUBCONTRACTORS

| Findings | Fiscal Year Ending: | May 2017 | May 2016 | May 2015 | May 2014 | Total |
|---|---|---|---|---|---|---|
| Dollars Not Reported | | 97,146.58 | 64,993.34 | 88,945.50 | 47,883.40 | 298,968.82 |
| Hours Not Reported (Funds) | | 6,934.50 | 12,293.40 | 13,019.00 | 3,331.00 | 35,577.90 |
| Hours Not Reported (Dues) | | 6,934.50 | 12,293.40 | 13,019.00 | 3,331.00 | 35,577.90 |
| **Dollar Amount Due** | | | | | | |
| Welfare Fund | | 69,206.31 | 122,688.13 | 129,929.62 | 44,568.78 | 366,392.84 |
| Retiree Welfare Prefunding | | 29,471.64 | 49,173.60 | 49,472.20 | | 128,117.44 |
| Pension Fund | | 80,232.18 | 131,785.25 | 131,752.28 | 31,711.12 | 375,480.83 |
| Training Fund | | 3,467.25 | 6,146.70 | 6,509.50 | 1,665.50 | 17,788.95 |
| CAICA | | 554.76 | 983.47 | 1,041.52 | 266.48 | 2,846.23 |
| LDCLMCC | | 1,178.88 | 2,089.90 | 1,562.28 | 399.72 | 5,230.78 |
| LECET | | 485.40 | 860.52 | 911.33 | 233.17 | 2,490.42 |
| Dues | | 3,643.00 | 2,437.28 | 2,890.78 | 1,556.24 | 10,527.30 |
| **Total** | | **188,239.42** | **316,164.85** | **324,069.51** | **80,401.01** | **908,874.79** |

Total Amount Due      908,874.79

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

# Calibre CPA Group, PLLC

## Details Report

Page 3

Contract: CAICA

### Source: Hours Worked

| Employee Findings | | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 | 05/2014 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *BALDEMAR, ANSELMO | xxx-xx-xxxx | | | | | | | | | | | | 250.00 | 250.00 |
| *GARCIA, GUANDALUPE | xxx-xx-xxxx | | | | | | | | | | | | 50.00 | 50.00 |
| *JARAMILLO, CHRISTIAN | xxx-xx-xxxx | | | | | | | | | | | | 100.00 | 100.00 |
| *MARTINEZ, CLAUDIO | xxx-xx-xxxx | | | | | | | | | | | | 300.00 | 300.00 |
| *PEREZ, RICARDO | xxx-xx-xxxx | | | | | | | | | | | | 300.00 | 300.00 |
| *PICENO, MARIO | xxx-xx-xxxx | | | | | | | | | | | | 300.00 | 300.00 |
| *RIVAS, LUIS | xxx-xx-xxxx | | | | | | | | | | | | 200.00 | 200.00 |
| GUILLEN, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 300.00 | 300.00 |
| JARAMILLO, MIGUEL | xxx-xx-xxxx | | | | | | | | | | | | 254.50 | 254.50 |
| MALDONADO, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 251.50 | 251.50 |
| RAMIEZ, JOSE | xxx-xx-xxxx | | | | | | | | | | | | 258.50 | 258.50 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | | | | | | | | | | | | 246.00 | 246.00 |
| RANGEL, HUGO | xxx-xx-xxxx | | | | | | | | | | | | 263.50 | 263.50 |
| RANGEL, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 257.00 | 257.00 |
| **Total** | | | | | | | | | | | | | 3331.00 | 3331.00 |

### Rate Table

| | | | | | | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 13.3800 | | | | | | | | | | | | 44568.78 | 44568.78 |
| Pension Fund | 9.5200 | | | | | | | | | | | | 31711.12 | 31711.12 |
| Training Fund | 0.5000 | | | | | | | | | | | | 1665.50 | 1665.50 |
| CAICA | 0.0800 | | | | | | | | | | | | 266.48 | 266.48 |
| LDCLMCC | 0.1200 | | | | | | | | | | | | 399.72 | 399.72 |
| LECET | 0.0700 | | | | | | | | | | | | 233.17 | 233.17 |
| **Total** | | | | | | | | | | | | | 7844.77 | 7844.77 |

Page 4

# Calibre CPA Group, PLLC

### Details Report

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Contract: CAICA

**Source: Wages Paid**

| Employee Findings | | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 | 05/2014 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *BALDEMAR, ANSELMO | xxx-xx-xxxx | | | | | | | | | | | | 3216.20 | 3216.20 |
| *GARCIA, GUANDALUPE | xxx-xx-xxxx | | | | | | | | | | | | 691.60 | 691.60 |
| *JARAMILLO, CHRISTIAN | xxx-xx-xxxx | | | | | | | | | | | | 1591.00 | 1591.00 |
| *MARTINEZ, CLAUDIO | xxx-xx-xxxx | | | | | | | | | | | | 4366.00 | 4366.00 |
| *PEREZ, RICARDO | xxx-xx-xxxx | | | | | | | | | | | | 4625.60 | 4625.60 |
| *PICENO, MARIO | xxx-xx-xxxx | | | | | | | | | | | | 4865.50 | 4865.50 |
| *RIVAS, LUIS | xxx-xx-xxxx | | | | | | | | | | | | 3478.00 | 3478.00 |
| GUILLEN, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 4773.00 | 4773.00 |
| JARAMILLO, MIGUEL | xxx-xx-xxxx | | | | | | | | | | | | 3388.00 | 3388.00 |
| MALDONADO, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 3182.00 | 3182.00 |
| RAMIEZ, JOSE | xxx-xx-xxxx | | | | | | | | | | | | 3260.50 | 3260.50 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | | | | | | | | | | | | 3811.00 | 3811.00 |
| RANGEL, HUGO | xxx-xx-xxxx | | | | | | | | | | | | 3450.50 | 3450.50 |
| RANGEL, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 3184.50 | 3184.50 |
| **Total** | | | | | | | | | | | | | 47883.40 | 47883.40 |

Rate Table

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | | | | | | | | | | | | 1556.24 |
| **Total** | | | | | | | | | | | | | 1556.24 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Page 5

# Calibre CPA Group, PLLC

## Details Report

Contract: CAICA

### Source: Hours Worked

| Employee Findings | SSN | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *BALDEMAR, ANSELMO | xxx-xx-xxxx | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 250.00 | 100.00 | | | | 200.00 | | 1550.00 |
| *ENRIQUEZ, JOHN | xxx-xx-xxxx | | | | | | | | | | | | 150.00 | 150.00 |
| *GARCIA, GUANDALUPE | xxx-xx-xxxx | 200.00 | 150.00 | | | | | | | | | | | 350.00 |
| *GONZALEZ, JOSE M | xxx-xx-xxxx | | | 250.00 | 200.00 | 150.00 | 250.00 | 100.00 | | | | | | 950.00 |
| *MARTINEZ, CLAUDIO | xxx-xx-xxxx | 200.00 | | | | | | | | | | | | 200.00 |
| *PEREZ, RICARDO | xxx-xx-xxxx | 150.00 | | | | | | | | | | | | 150.00 |
| *PICENO, MARIO | xxx-xx-xxxx | 200.00 | 200.00 | 100.00 | | | | | | | | | | 500.00 |
| *REZENDEZ, ALVARO | xxx-xx-xxxx | | | | | | | | | | | | 200.00 | 200.00 |
| *RIVAS, LUIS | xxx-xx-xxxx | 100.00 | | | | | | | | | | | | 100.00 |
| AGRIPINO, JUAN | xxx-xx-xxxx | | | | | | | | | | | 86.00 | 104.00 | 190.00 |
| ARRAMBIDE, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 60.50 | 60.50 |
| BREWER, TABARIUS | xxx-xx-xxxx | | | | | | | | | | | 44.00 | | 44.00 |
| GREEN, JOSETTE | xxx-xx-xxxx | | | | | | | | | | | 42.00 | 50.00 | 92.00 |
| GUILLEN, JUAN | xxx-xx-xxxx | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 250.00 | 200.00 | 100.00 | 50.00 | | 94.00 | 153.00 | 1847.00 |
| JARAMILLO, MIGUEL | xxx-xx-xxxx | 109.50 | 110.00 | 158.50 | 108.00 | 98.00 | 146.00 | 100.00 | 22.00 | | | 50.00 | | 902.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | | | 141.00 | | | 208.00 | 44.00 | | | | 10.00 | 6.00 | 409.00 |
| MALDONADO, JUAN | xxx-xx-xxxx | 109.50 | 160.50 | | 108.00 | 134.00 | 162.00 | 116.00 | 30.00 | | | 108.00 | 261.00 | 1189.00 |
| OROZCO-LOPEZ, VICTOR | xxx-xx-xxxx | | | | | 102.00 | 104.00 | 196.00 | | | | | | 402.00 |
| RAMIEZ, JOSE | xxx-xx-xxxx | 117.50 | 137.00 | 172.00 | 114.00 | 98.00 | 154.00 | 130.00 | | | | 28.00 | 162.00 | 1112.50 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | 131.00 | 50.00 | 100.00 | 200.00 | 50.00 | 200.00 | 100.00 | | | | 6.00 | 197.00 | 1034.00 |
| RANGEL, HUGO | xxx-xx-xxxx | 110.50 | | | 118.00 | | 158.00 | | | | | 94.00 | 138.00 | 618.50 |
| RANGEL, HUGO | xxx-xx-xxxx | | 118.00 | 158.00 | | 100.00 | | 112.00 | 22.00 | | | | | 510.00 |
| RANGEL, JUAN | xxx-xx-xxxx | | 70.00 | 157.50 | 118.00 | 36.00 | | | | | | | | 381.50 |
| RODRIGUEZ, MIGUEL ANG | xxx-xx-xxxx | | | | | | | | | | | | 77.00 | 77.00 |
| **Total** | | 1828.00 | 1395.50 | 1637.00 | 1366.00 | 1168.00 | 1882.00 | 1198.00 | 174.00 | 50.00 | | 762.00 | 1558.50 | 13019.00 |

### Rate Table

| | Rate | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 18243.44 | 13927.09 | 16337.26 | 13632.68 | 11656.64 | 18782.36 | 11956.04 | 1736.52 | 499.00 | | 7604.76 | 15553.83 | 129929.62 |
| Retiree Welfare Prefunding | 3.8000 | 6946.40 | 5302.90 | 6220.60 | 5190.80 | 4438.40 | 7151.60 | 4552.40 | 661.20 | 190.00 | | 2895.60 | 5922.30 | 49472.20 |
| Pension Fund | 10.1200 | 18499.36 | 14122.46 | 16566.44 | 13823.92 | 11820.16 | 19045.84 | 12123.76 | 1760.88 | 506.00 | | 7711.44 | 15772.02 | 131752.28 |
| Training Fund | 0.5000 | 914.00 | 697.75 | 818.50 | 683.00 | 584.00 | 941.00 | 599.00 | 87.00 | 25.00 | | 381.00 | 779.25 | 6509.50 |
| CAICA | 0.0800 | 146.24 | 111.64 | 130.96 | 109.28 | 93.44 | 150.56 | 95.84 | 13.92 | 4.00 | | 60.96 | 124.68 | 1041.52 |
| LDCLMCC | 0.1200 | 219.36 | 167.46 | 196.44 | 163.92 | 140.16 | 225.84 | 143.76 | 20.88 | 6.00 | | 91.44 | 187.02 | 1562.28 |
| LECET | 0.0700 | 127.95 | 97.69 | 114.59 | 95.62 | 81.76 | 131.74 | 83.86 | 12.18 | 3.50 | | 53.34 | 109.10 | 911.33 |
| **Total** | | 45096.75 | 34426.99 | 40384.79 | 33699.22 | 28814.56 | 46428.94 | 29554.66 | 4292.58 | 1233.50 | | 18798.54 | 38448.20 | 321178.73 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890
Contract: CAICA

# Calibre CPA Group, PLLC

## Details Report

Page 6

### Source: Wages Paid

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *BALDEMAR, ANSELMO | xxx-xx-xxxx | 2420.60 | 2420.60 | 2872.80 | 2553.60 | 2660.00 | 3245.20 | 1117.20 | | | | 2340.80 | | 19630.80 |
| *ENRIQUEZ, JOHN | xxx-xx-xxxx | | | | | | | | | | | | 3534.00 | 3534.00 |
| *GARCIA, GUANDALUPE | xxx-xx-xxxx | 2340.80 | 1596.00 | | | | | | | | | | | 3936.80 |
| *GONZALEZ, JOSE M | xxx-xx-xxxx | | | 3990.00 | 3059.00 | 1968.40 | 3883.60 | 1489.60 | | | | | | 14390.60 |
| *MARTINEZ, CLAUDIO | xxx-xx-xxxx | 1843.00 | | | | | | | | | | | | 1843.00 |
| *PEREZ, RICARDO | xxx-xx-xxxx | 1995.00 | | | | | | | | | | | | 1995.00 |
| *PICENO, MARIO | xxx-xx-xxxx | 2451.00 | 2584.00 | 1254.00 | | | | | | | | | | 6289.00 |
| *REZENDEZ, ALVARO | xxx-xx-xxxx | | | | | | | | | | | | 1628.80 | 1628.80 |
| *RIVAS, LUIS | xxx-xx-xxxx | 1197.00 | | | | | | | | | | | | 1197.00 |
| AGRIPINO, JUAN | xxx-xx-xxxx | | | | | | | | | | | 76.00 | | 76.00 |
| ARRAMBIDE, JUAN | xxx-xx-xxxx | | | | | | | | | | | | 256.50 | 256.50 |
| GREEN, JOSETTE | xxx-xx-xxxx | | | | | | | | | | | | 304.00 | 304.00 |
| GUILLEN, JUAN | xxx-xx-xxxx | 3211.00 | 3040.00 | 1558.00 | 1976.00 | 2052.00 | 2736.00 | 2432.00 | 1056.00 | 800.00 | | | 1235.00 | 20096.00 |
| JARAMILLO, MIGUEL | xxx-xx-xxxx | | | 760.00 | | | 608.00 | | | | | 608.00 | | 1976.00 |
| KALSI, PARMIJIT | xxx-xx-xxxx | | | | | | | | | | | | 1083.00 | 1083.00 |
| MALDONADO, JUAN | xxx-xx-xxxx | | 306.50 | | | | 912.00 | | | | | | 760.00 | 1978.50 |
| OROZCO-LOPEZ, VICTOR | xxx-xx-xxxx | | | | | | | 2508.00 | | | | | | 2508.00 |
| RAMIEZ, JOSE | xxx-xx-xxxx | | 76.00 | 342.00 | | | 608.00 | | | | | | 608.00 | 1634.00 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | | | | | | | | | | | | 912.00 | 912.00 |
| RANGEL, HUGO | xxx-xx-xxxx | | | 532.00 | | | | | | | | | 760.00 | 1292.00 |
| RANGEL, HUGO | xxx-xx-xxxx | | | | | | 912.00 | | | | | | | 912.00 |
| RANGEL, JUAN | xxx-xx-xxxx | | | 722.00 | | | | | | | | | | 722.00 |
| RODRIGUEZ, MIGUELANG | xxx-xx-xxxx | | | | | | | | | | | | 750.50 | 750.50 |
| **Total** | | 15458.40 | 10023.10 | 12030.80 | 7588.60 | 6680.40 | 12904.80 | 7546.80 | 1056.00 | 800.00 | | 3024.80 | 11831.80 | 88945.50 |

### Rate Table

| | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | 502.41 | 325.75 | 391.02 | 246.63 | 217.11 | 419.41 | 245.27 | 34.32 | 26.00 | | 98.31 | 384.55 | 2890.78 |
| **Total** | | 502.41 | 325.75 | 391.02 | 246.63 | 217.11 | 419.41 | 245.27 | 34.32 | 26.00 | | 98.31 | 384.55 | 2890.78 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Contract: CAICA

# Calibre CPA Group, PLLC

## Details Report

Page 7

### Source: Hours Worked

| Employee Findings | SSN | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *ALVARADO, ROBERTO | xxx-xx-xxxx | 200.00 | 150.00 | 250.00 | 200.00 | 200.00 | 150.00 | | | | | | | 1150.00 |
| *PICENO, MARIO | xxx-xx-xxxx | | | | 72.40 | | | | | | | | | 72.40 |
| *FREZENDEZ, ALVARO | xxx-xx-xxxx | 200.00 | 100.00 | 250.00 | 150.00 | 250.00 | 200.00 | 50.00 | | | | | | 1200.00 |
| *VILLAREAL JR, ARMANDO | xxx-xx-xxxx | | | | | | | | | | | | 50.00 | 50.00 |
| *VILLAREAL, ARNOLD | xxx-xx-xxxx | | | | | | | | | | | | 50.00 | 50.00 |
| AGRIPINO, JUAN | xxx-xx-xxxx | 104.00 | 104.00 | 104.00 | 88.00 | 142.00 | 92.00 | 52.00 | | | | 96.00 | 112.00 | 894.00 |
| ALVARADO, ANTONIO | xxx-xx-xxxx | | | | 2.50 | 80.00 | 117.00 | 73.00 | | | | | | 272.50 |
| ARRAMBIDE, JUAN | xxx-xx-xxxx | | | | | | | | | | | 36.00 | 35.50 | 71.50 |
| CENDEJAS, LUIS | xxx-xx-xxxx | | | 36.00 | 7.00 | 95.50 | 41.50 | 84.00 | 55.50 | 80.00 | 114.00 | 111.00 | 67.00 | 691.50 |
| DISMUKES, SONJA | xxx-xx-xxxx | | | | | | | | | 100.00 | | 76.00 | 81.00 | 257.00 |
| GUILLEN, JUAN | xxx-xx-xxxx | 103.00 | 114.00 | 138.00 | 100.00 | 158.00 | 56.00 | 96.00 | 88.00 | 118.00 | 84.00 | 112.00 | 88.00 | 1255.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | 94.50 | 88.00 | 146.00 | 74.00 | 112.00 | 82.00 | 113.00 | 18.00 | | | | | 727.50 |
| KNOWLES, IAN | xxx-xx-xxxx | | | | | | | | | | | 45.00 | 87.00 | 132.00 |
| MALDONADO, JUAN | xxx-xx-xxxx | 95.00 | 138.00 | 72.00 | 72.00 | 108.00 | 76.00 | 110.00 | 109.00 | 148.00 | 86.00 | 74.00 | 65.00 | 1153.00 |
| OROZCO-LOPEZ, VICTOR | xxx-xx-xxxx | | | 150.00 | 56.00 | 90.00 | | | | | | | | 296.00 |
| RAMIEZ, JOSE | xxx-xx-xxxx | 118.00 | 120.00 | 146.00 | 88.00 | 154.00 | 94.00 | 128.00 | 108.00 | 164.00 | 42.00 | 121.00 | 103.00 | 1386.00 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | 140.00 | 32.00 | 185.00 | 104.50 | 146.00 | 112.00 | 64.00 | 18.00 | | | 116.00 | 116.00 | 1033.50 |
| RANGEL, HUGO | xxx-xx-xxxx | 104.00 | 104.00 | 152.00 | 56.00 | 116.00 | 78.00 | 101.50 | 79.00 | 82.00 | 120.00 | 73.50 | 62.00 | 1128.00 |
| SOSA, RODOLFO | xxx-xx-xxxx | | | 36.00 | 3.50 | 57.00 | 46.00 | 65.00 | 45.00 | 49.00 | 109.50 | 62.50 | | 473.50 |
| **Total** | | 1158.50 | 950.00 | 1665.00 | 1001.50 | 1780.90 | 1144.50 | 936.50 | 520.50 | 741.00 | 555.50 | 923.00 | 916.50 | 12293.40 |

### Rate Table

| | Rate | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 11561.83 | 9481.00 | 16616.70 | 9994.97 | 17773.38 | 11422.11 | 9346.27 | 5194.69 | 7395.18 | 5543.89 | 9211.54 | 9146.67 | 122688.13 |
| Retiree Welfare Prefunding | 4.0000 | 4634.00 | 3800.00 | 6660.00 | 4006.00 | 7123.60 | 4578.00 | 3746.00 | 2082.00 | 2964.00 | 2222.00 | 3692.00 | 3666.00 | 49173.60 |
| Pension Fund | 10.7200 | 12419.12 | 10184.00 | 17848.80 | 10736.08 | 19091.25 | 12269.04 | 10039.28 | 5579.76 | 7943.52 | 5954.96 | 9894.56 | 9824.88 | 131785.25 |
| Training Fund | 0.5000 | 579.25 | 475.00 | 832.50 | 500.75 | 890.45 | 572.25 | 468.25 | 260.25 | 370.50 | 277.75 | 461.50 | 458.25 | 6146.70 |
| CAICA | 0.0800 | 92.68 | 76.00 | 133.20 | 80.12 | 142.47 | 91.56 | 74.92 | 41.64 | 59.28 | 44.44 | 73.84 | 73.32 | 983.47 |
| LDCLMCC | 0.1700 | 196.94 | 161.50 | 283.05 | 170.25 | 302.76 | 194.57 | 159.21 | 88.49 | 125.97 | 94.44 | 156.91 | 155.81 | 2089.90 |
| LECET | 0.0700 | 81.10 | 66.50 | 116.55 | 70.11 | 124.66 | 80.11 | 65.55 | 36.43 | 51.87 | 38.88 | 64.61 | 64.15 | 860.52 |
| **Total** | | 29564.92 | 24244.00 | 42490.80 | 25558.28 | 45448.57 | 29207.64 | 23899.48 | 13283.16 | 18910.32 | 14176.36 | 23554.96 | 23389.08 | 313727.57 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

**Calibre CPA Group, PLLC**

Details Report

Page 8

Contract: CAICA

### Source: Wages Paid

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *ALVARADO, ROBERTO | xxx-xx-xxxx | 2443.20 | 1628.80 | 3257.60 | 3257.60 | 2239.60 | 1934.20 | | | | | | | 14761.00 |
| *PICENO, MARIO | xxx-xx-xxxx | | | | | 2838.08 | | | | | | | | 2838.08 |
| *REZENDEZ ALVARO | xxx-xx-xxxx | 2443.20 | 1425.20 | 3155.80 | 1934.20 | 2545.00 | 1934.20 | 407.20 | | | | | | 13844.80 |
| *VILLAREAL JR, ARMANDO | xxx-xx-xxxx | | | | | | | | | | | | 1832.60 | 1832.60 |
| *VILLAREAL, ARNOLD | xxx-xx-xxxx | | | | | | | | | | | | 1832.60 | 1832.60 |
| AGRIPINO, JUAN | xxx-xx-xxxx | | | | | 627.20 | | | | | | | | 627.20 |
| ALVARADO, ANTONIO | xxx-xx-xxxx | | | | | 1009.40 | 834.00 | 771.40 | | | | | | 2614.80 |
| ARRAMBIDE, JUAN | xxx-xx-xxxx | | | | | | | | | | | 117.60 | 49.00 | 166.60 |
| CENDEJAS, LUIS | xxx-xx-xxxx | | | 313.60 | 19.60 | 1176.00 | | 343.00 | 284.20 | | 313.60 | 19.60 | | 2469.60 |
| DISMUKES, SONJA | xxx-xx-xxxx | | | | | | | | | 1568.00 | | 195.60 | | 1763.60 |
| GUILLEN, JUAN | xxx-xx-xxxx | 19.60 | | 627.20 | | 705.60 | | | | | 313.60 | | | 1666.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | | | 627.20 | | 548.80 | | 313.60 | | | | | | 1489.60 |
| KNOWLES, IAN | xxx-xx-xxxx | | | | | | | | | | | 98.00 | 327.34 | 425.34 |
| MALDONADO, JUAN | xxx-xx-xxxx | | | 156.80 | | 784.00 | | | 137.20 | 1332.80 | 313.60 | | | 2724.40 |
| OROZCO-LOPEZ, VICTOR | xxx-xx-xxxx | | | 2052.00 | | 784.00 | 303.80 | | | | | | | 3139.80 |
| RAMIEZ, JOSE | xxx-xx-xxxx | | | 940.80 | | 784.00 | | | 156.80 | 666.40 | | 333.20 | 176.40 | 3057.60 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | 156.80 | | 470.40 | | 156.80 | | 156.80 | | | | | | 940.80 |
| RANGEL, HUGO | xxx-xx-xxxx | | | 3144.32 | | 1097.60 | | | 98.00 | | 313.60 | 245.00 | | 4898.52 |
| SOSA, RODOLFO | xxx-xx-xxxx | | | 313.60 | 49.00 | 1303.40 | 117.60 | 578.20 | 656.60 | 411.60 | 343.00 | 127.40 | | 3900.40 |
| Total | | 5062.80 | 3054.00 | 15059.32 | 5260.40 | 16599.48 | 5123.80 | 2570.20 | 1332.80 | 3978.80 | 1597.40 | 1136.40 | 4217.94 | 64993.34 |

### Rate Table

| | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | 189.86 | 114.52 | 564.72 | 197.27 | 622.48 | 192.14 | 96.38 | 49.98 | 149.21 | 59.90 | 42.64 | 158.18 | 2437.28 |
| Total | | 189.86 | 114.52 | 564.72 | 197.27 | 622.48 | 192.14 | 96.38 | 49.98 | 149.21 | 59.90 | 42.64 | 158.18 | 2437.28 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

**Calibre CPA Group, PLLC**

Details Report

Page 9

Contract: CAICA

Source: Hours Worked

| Employee Findings | SSN | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *CAMPOS, GUILLERMO | xxx-xx-xxxx | 50.00 | | | | | | | | | | | | 350.00 |
| *TOWNSEND, AKBAR | xxx-xx-xxxx | 51.50 | 250.00 | 50.00 | | | | | | | | | | 351.50 |
| *VILLAREAL JR, ARMANDO | xxx-xx-xxxx | 267.50 | 107.50 | | | | | | | | | | | 375.00 |
| *VILLAREAL, ARNOLD | xxx-xx-xxxx | 150.00 | | | | | | | | | | | | 150.00 |
| AGRIPINO, JUAN | xxx-xx-xxxx | 72.00 | 140.00 | 98.00 | 133.00 | 73.00 | 97.00 | | | | | | | 613.00 |
| ALVARADO, ANTONIO | xxx-xx-xxxx | 104.50 | 73.00 | | | | | | | | | | | 177.50 |
| ANDERSON, DAVID | xxx-xx-xxxx | | | | | | | | | | 41.00 | | | 41.00 |
| CENDEJAS, LUIS | xxx-xx-xxxx | 70.50 | 90.00 | 63.00 | | | | | | | | | | 223.50 |
| DISMUKES, SONJA | xxx-xx-xxxx | 62.50 | 113.00 | 8.50 | 28.50 | | | | | | | | | 212.50 |
| GONZALEZ, ALEX | xxx-xx-xxxx | | 99.50 | | | | | | | | | | | 99.50 |
| GONZALEZ, JOSE JESUS | xxx-xx-xxxx | | | | | | | | | | 35.50 | | | 35.50 |
| GUILLEN, JUAN | xxx-xx-xxxx | 113.00 | 146.00 | 118.00 | 121.00 | 71.00 | 110.00 | | | 39.00 | 131.00 | | | 849.00 |
| JARAMILLO, MIGUEL | xxx-xx-xxxx | | 90.00 | 12.00 | 69.50 | 89.50 | | | | | | | | 261.00 |
| JOHNSON, CHRISTOPHER | xxx-xx-xxxx | | | 23.50 | 117.50 | 50.00 | | | | | | | | 191.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | | 102.00 | 36.00 | 174.00 | 79.00 | | | | | 61.00 | | | 452.00 |
| MALDONADO, JUAN | xxx-xx-xxxx | 13.00 | 126.00 | 68.00 | 102.00 | 47.00 | 62.00 | | | | | | | 418.00 |
| MENDOZA, JUAN | xxx-xx-xxxx | 53.50 | 10.00 | 38.00 | 2.00 | 41.00 | 18.50 | | | 5.00 | 34.00 | | | 202.00 |
| OBREGON, ALONZO | xxx-xx-xxxx | | | | | | | | | | 42.50 | | | 42.50 |
| OROZCO-LOPEZ, VICTOR | xxx-xx-xxxx | | 100.00 | 24.00 | 62.00 | 11.50 | | | | | | | | 197.50 |
| RAMIEZ, JOSE | xxx-xx-xxxx | 66.50 | 150.00 | 88.00 | 130.00 | 72.00 | 82.00 | | | | | | | 588.50 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | 115.00 | 174.00 | 124.00 | 149.00 | 32.00 | 89.50 | | | | | | | 683.50 |
| RANGEL, HUGO | xxx-xx-xxxx | 66.00 | 90.00 | 24.00 | 51.00 | 9.00 | 73.00 | | | | | | | 313.00 |
| SERRANO, HECTOR | xxx-xx-xxxx | | | | | | | | | 5.00 | 60.00 | | | 65.00 |
| STANTON, VERGIL | xxx-xx-xxxx | | | | | 42.50 | | | | | | | | 42.50 |
| **Total** | | 1255.50 | 2111.00 | 825.00 | 1139.50 | 617.50 | 532.00 | | | 49.00 | 405.00 | | | 6934.50 |

Rate Table

| | Rate | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 12529.89 | 21067.78 | 8233.50 | 11372.21 | 6162.65 | 5309.36 | | | 489.00 | 4041.90 | | | 69206.31 |
| Retiree Welfare Prefunding | 4.2500 | 5335.87 | 8971.76 | 3506.25 | 4842.88 | 2624.38 | 2261.00 | | | 208.25 | 1721.25 | | | 29471.64 |
| Pension Fund | 11.5700 | 14526.13 | 24424.28 | 9545.25 | 13184.02 | 7144.48 | 6155.24 | | | 566.93 | 4685.85 | | | 80232.18 |
| Training Fund | 0.5000 | 627.75 | 1055.50 | 412.50 | 569.75 | 308.75 | 266.00 | | | 24.50 | 202.50 | | | 3467.25 |
| CAICA | 0.0800 | 100.44 | 168.88 | 66.00 | 91.16 | 49.40 | 42.56 | | | 3.92 | 32.40 | | | 554.76 |
| LDCLMCC | 0.1700 | 213.43 | 358.88 | 140.25 | 193.72 | 104.98 | 90.44 | | | 8.33 | 68.85 | | | 1178.88 |
| LECET | 0.0700 | 87.89 | 147.76 | 57.75 | 79.76 | 43.22 | 37.24 | | | 3.43 | 28.35 | | | 485.40 |
| **Total** | | 33421.40 | 56194.84 | 21961.50 | 30333.50 | 16437.86 | 14161.84 | | | 1304.38 | 10781.10 | | | 184596.42 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Page 10

# Calibre CPA Group, PLLC

## Details Report

Contract: CAICA

### Source: Wages Paid

| Employee Findings | SSN | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *CAMPOS, GUILLERMO | xxx-xx-xxxx | 2090.40 | 7607.85 | 1437.15 | | | | | | | | | | 11135.40 |
| *TOWNSEND, AKBAR | xxx-xx-xxxx | 2301.45 | 8552.55 | 1105.50 | | | | | | | | | | 11959.50 |
| *VILLAREAL JR, ARMANDO | xxx-xx-xxxx | 8904.10 | 4763.70 | | | | | | | | | | | 13667.80 |
| *VILLAREAL, ARNOLD | xxx-xx-xxxx | 2019.85 | | | | | | | | | | | | 2019.85 |
| AGRIPINO, JUAN | xxx-xx-xxxx | | 1045.20 | | 723.60 | | 80.40 | | | | | | | 1849.20 |
| ALVARADO, ANTONIO | xxx-xx-xxxx | 4512.45 | 2341.65 | | | | | | | | | | | 6854.10 |
| ANDERSON, DAVID | xxx-xx-xxxx | | | | | | | | | | 603.00 | | | 603.00 |
| CENDEJAS, LUIS | xxx-xx-xxxx | | 1407.00 | 100.50 | | | | | | | | | | 1507.50 |
| DISMUKES, SONJA | xxx-xx-xxxx | 30.48 | 4281.30 | 683.40 | 110.55 | | | | | | | | | 5105.73 |
| GONZALEZ, ALEX | xxx-xx-xxxx | | 90.45 | | | | | | | | | | | 90.45 |
| GONZALEZ, JOSE JESUS | xxx-xx-xxxx | | | | | | | | | | 388.50 | | | 388.50 |
| GUILLEN, JUAN | xxx-xx-xxxx | 341.70 | 964.80 | 241.20 | 462.30 | 180.90 | 80.40 | | | | 643.20 | | | 2914.50 |
| JARAMILLO, MIGUEL | xxx-xx-xxxx | | 1447.20 | | 1125.60 | 603.00 | | | | | | | | 3175.80 |
| JOHNSON, CHRISTOPHER | xxx-xx-xxxx | | | | 834.15 | 321.60 | | | | | | | | 1155.75 |
| KALSI, PARMJIT | xxx-xx-xxxx | | 2301.45 | | 4743.60 | 1989.90 | | | | | 301.50 | | | 9336.45 |
| MALDONADO, JUAN | xxx-xx-xxxx | | 1206.00 | | 723.60 | | | | | | | | | 1929.60 |
| MENDOZA, JUAN | xxx-xx-xxxx | 2382.00 | 1220.00 | 2448.20 | | 2823.00 | | | | | 1816.75 | | | 10689.95 |
| OBREGON, ALONZO | xxx-xx-xxxx | | | | | | | | | | 492.45 | | | 492.45 |
| OROZCO-LOPEZ, VICTOR | xxx-xx-xxxx | | 3376.80 | | 804.00 | 130.65 | | | | | | | | 4311.45 |
| RAMIEZ, JOSE | xxx-xx-xxxx | | 964.80 | | 723.60 | | | | | | | | | 1688.40 |
| RAMIREZ, VICTORINO | xxx-xx-xxxx | | 964.80 | | 482.40 | | 623.10 | | | | | | | 2070.30 |
| RANGEL, HUGO | xxx-xx-xxxx | | 1447.20 | | 964.80 | 140.70 | | | | | | | | 2552.70 |
| SERRANO, HECTOR | xxx-xx-xxxx | | | | | | | | | | 1427.10 | | | 1427.10 |
| STANTON, VERGIL | xxx-xx-xxxx | | | | | 221.10 | | | | | | | | 221.10 |
| **Total** | | 22582.43 | 43982.75 | 6015.95 | 11698.20 | 6410.85 | 783.90 | | | | 5672.50 | | | 97146.58 |

### Rate Table

| | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | 846.82 | 1649.34 | 225.60 | 438.70 | 240.40 | 29.41 | | | | 212.73 | | | 3643.00 |
| **Total** | | 846.82 | 1649.34 | 225.60 | 438.70 | 240.40 | 29.41 | | | | 212.73 | | | 3643.00 |

Page 11

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Ranger Construction
Case: CHLAB-0517-03890
Audit Period: 1/1/2014 - 3/31/2017
Fiscal Year End: May

Manager: Tim Kalnes
Auditor: Reid Karris

## ALL FUNDS - SUBCONTRACTORS

| Findings | Fiscal Year Ending: | May 2017 | May 2016 | May 2015 | Total |
|---|---|---|---|---|---|
| Hours Not Reported (Funds) | | 1,242.31 | 3,626.84 | 2,649.49 | 7,518.65 |
| Hours Not Reported (Dues) | | 1,242.31 | 3,626.84 | 2,649.49 | 7,518.65 |
| **Dollar Amount Due** | | | | | |
| Welfare Fund | | 12,398.30 | 36,195.85 | 26,441.90 | 75,036.05 |
| Retiree Welfare Prefunding | | 5,279.82 | 14,507.35 | 10,068.09 | 29,855.26 |
| Pension Fund | | 14,373.57 | 38,879.70 | 26,812.85 | 80,066.12 |
| Training Fund | | 621.16 | 1,813.43 | 1,324.76 | 3,759.35 |
| CAICA | | 99.39 | 290.16 | 211.94 | 601.49 |
| LDCLMCC | | 211.19 | 616.56 | 317.93 | 1,145.68 |
| LECET | | 86.98 | 253.89 | 185.45 | 526.32 |
| **Total** | | 33,070.41 | 92,556.94 | 65,362.92 | 190,990.27 |

**Total Amount Due** | 190,990.27

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-00890

# Calibre CPA Group, PLLC

### Details Report

Page 12

Contract: CAICA

#### Source: Hours Worked

| Employee Findings | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (S) FLO-PRO PLUMBING, S. xxx-xx-xxxx | | | | | | | | | | | | 48.89 | 48.89 |
| (S) GARCES PLUMBING, xxx-xx-xxxx | | | | | | | | | | | 205.56 | 66.67 | 555.00 |
| (S) OCEAN MIST INC, SUB xxx-xx-xxxx | 289.21 | | 537.78 | | 391.78 | | 282.78 | | | | 13.42 | 65.26 | 1825.22 |
| (S) PSS CONSTRUCTION. xxx-xx-xxxx | | | | | 209.27 | | 527.78 | | | | 11.11 | | 220.38 |
| **Total** | 289.21 | | 537.78 | | 601.05 | | 810.56 | | | | 230.09 | 180.81 | 2649.49 |

#### Rate Table

| | Rate | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 2886.32 | | 5367.02 | | 5998.45 | | 8089.34 | | | | 2296.29 | 1804.48 | 26441.90 |
| Retiree Welfare Prefunding | 3.8000 | 1099.00 | | 2043.56 | | 2283.99 | | 3080.12 | | | | 874.34 | 687.08 | 10058.09 |
| Pension Fund | 10.1200 | 2926.81 | | 5442.31 | | 6082.60 | | 8202.82 | | | | 2328.50 | 1829.81 | 28812.85 |
| Training Fund | 0.5000 | 144.61 | | 268.89 | | 300.53 | | 405.28 | | | | 115.05 | 90.40 | 1324.76 |
| CAICA | 0.0800 | 23.14 | | 43.02 | | 48.08 | | 64.84 | | | | 18.40 | 14.46 | 211.94 |
| LDCLMCC | 0.1200 | 34.71 | | 64.53 | | 72.12 | | 97.26 | | | | 27.61 | 21.70 | 317.93 |
| LECET | 0.0700 | 20.24 | | 37.64 | | 42.07 | | 56.73 | | | | 16.11 | 12.66 | 185.45 |
| **Total** | | 7134.83 | | 13266.97 | | 14827.84 | | 19996.39 | | | | 5676.30 | 4460.59 | 65362.92 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Contract: CAICA

# Calibre CPA Group, PLLC

Details Report

Page 13

## Source: Hours Worked

### Employee Findings

| | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (S) HUNTER PAVING, SUB | xxx-xx-xxxx | | | 444.44 | 155.56 | 200.00 | | | | | | | | 800.00 |
| (S) OCEAN MIST INC, SUB | xxx-xx-xxxx | 46.83 | 27.13 | | | 1.98 | | | | | 835.97 | | 615.89 | 1527.78 |
| (S) PSS CONSTRUCTION | xxx-xx-xxxx | | | | | 11.11 | | | | | 314.50 | | | 325.61 |
| (S) RYAN PLUMBING, SUB | xxx-xx-xxxx | | | | | 232.33 | | 741.11 | | | | | | 973.44 |
| Total | | 46.83 | 27.13 | 444.44 | 155.56 | 445.40 | | 741.11 | | | 1150.47 | | 615.89 | 3626.84 |

### Rate Table

| | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 467.40 | 270.74 | 4435.56 | 1552.44 | 4445.14 | | 7396.29 | | | 11481.71 | | 6146.57 | 36195.85 |
| Retiree Welfare Prefunding | 4.0000 | 187.34 | 108.51 | 1777.78 | 622.22 | 1781.61 | | 2984.44 | | | 4601.89 | | 2463.56 | 14507.35 |
| Pension Fund | 10.7200 | 502.06 | 290.81 | 4764.44 | 1667.56 | 4774.73 | | 7944.71 | | | 12333.06 | | 6602.33 | 38879.70 |
| Training Fund | 0.5000 | 23.42 | 13.56 | 222.22 | 77.78 | 222.71 | | 370.56 | | | 575.24 | | 307.94 | 1813.43 |
| CAICA | 0.0800 | 3.75 | 2.17 | 35.56 | 12.44 | 35.64 | | 59.29 | | | 92.04 | | 49.27 | 290.16 |
| LDCLMCC | 0.1700 | 7.96 | 4.61 | 75.56 | 26.44 | 75.72 | | 125.99 | | | 195.58 | | 104.70 | 616.56 |
| LECET | 0.0700 | 3.28 | 1.90 | 31.11 | 10.89 | 31.18 | | 51.88 | | | 80.54 | | 43.11 | 253.89 |
| Total | | 1195.21 | 692.30 | 11342.23 | 3969.77 | 11366.73 | | 18913.16 | | | 29360.06 | | 15717.48 | 92556.94 |

# Calibre CPA Group, PLLC

### Details Report

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Contract: CAICA

**Source: Hours Worked**

| Employee Findings | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (S) ERA PLUMBING, SUBC | xxx-xx-xxxx | 75.00 | 70.83 | | | 66.67 | | | | | | | | 212.50 |
| (S) FLO-PRO PLUMBING, S | xxx-xx-xxxx | | | | | | | 352.50 | | | | | | 352.50 |
| (S) OCEAN MIST INC. SUB | xxx-xx-xxxx | | | | | | | | | | 35.65 | | | 35.65 |
| (S) PSS CONSTRUCTION | xxx-xx-xxxx | | | 286.11 | | 208.33 | | 147.22 | | | | | | 641.67 |
| **Total** | | 75.00 | 70.83 | 286.11 | | 275.00 | | 499.72 | | | 35.65 | | | 1242.31 |

**Rate Table**

| | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 748.50 | 706.92 | 2855.39 | | 2744.50 | | 4987.23 | | | 355.76 | | | 12398.30 |
| Retiree Welfare Prefunding | 4.2500 | 318.75 | 301.04 | 1215.97 | | 1168.75 | | 2123.81 | | | 151.50 | | | 5279.82 |
| Pension Fund | 11.5700 | 867.75 | 819.54 | 3310.31 | | 3181.75 | | 5781.78 | | | 412.44 | | | 14373.57 |
| Training Fund | 0.5000 | 37.50 | 35.42 | 143.06 | | 137.50 | | 249.86 | | | 17.82 | | | 621.16 |
| CAICA | 0.0800 | 6.00 | 5.67 | 22.89 | | 22.00 | | 39.98 | | | 2.85 | | | 99.39 |
| LDCLMCC | 0.1700 | 12.75 | 12.04 | 48.64 | | 46.75 | | 84.95 | | | 6.06 | | | 211.19 |
| LECET | 0.0700 | 5.25 | 4.96 | 20.03 | | 19.25 | | 34.99 | | | 2.50 | | | 86.98 |
| **Total** | | 1996.50 | 1885.59 | 7616.29 | | 7320.50 | | 13302.60 | | | 948.93 | | | 33070.41 |

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
Ranger Construction

Case: CHLAB-0517-03890
Audit Period: 1/1/2014 - 3/31/2017
Fiscal Year End: May

Manager: Tim Kaines
Auditor: Reid Karris

## FUNDS ONLY

| Findings | Fiscal Year Ending: | May 2017 | May 2016 | May 2015 | Total |
|---|---|---|---|---|---|
| Hours Not Reported (Funds) | | 200.00 | 230.00 | 200.00 | 630.00 |
| **Dollar Amount Due** | | | | | |
| Welfare Fund | | 1,996.00 | 2,295.40 | 1,996.00 | 6,287.40 |
| Retiree Welfare Prefunding | | 850.00 | 920.00 | 760.00 | 2,530.00 |
| Pension Fund | | 2,314.00 | 2,465.60 | 2,024.00 | 6,803.60 |
| Training Fund | | 100.00 | 115.00 | 100.00 | 315.00 |
| **Total** | | 5,260.00 | 5,796.00 | 4,880.00 | 15,936.00 |

**Total Amount Due**  15,936.00

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

# Calibre CPA Group, PLLC

## Details Report

Contract: CAICA - Funds Only

### Source: Hours Worked

**Employee Findings**

| | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANGEL_JUAN | xxx-xx-xxxx | 200.00 | | | | | | | | | | | | 200.00 |
| **Total** | | 200.00 | | | | | | | | | | | | 200.00 |

### Rate Table

| | | 06/2014 | | | | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 1996.00 | | | | | | | | | | | | 1996.00 |
| Retiree Welfare Prefunding | 3.8000 | 760.00 | | | | | | | | | | | | 760.00 |
| Pension Fund | 10.1200 | 2024.00 | | | | | | | | | | | | 2024.00 |
| Training Fund | 0.5000 | 100.00 | | | | | | | | | | | | 100.00 |
| **Total** | | 4880.00 | | | | | | | | | | | | 4880.00 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Contract: CAICA - Funds Only

# Calibre CPA Group, PLLC

## Details Report

Page 17

### Source: Hours Worked

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ARRAMBIDE, JUAN | xxx-xx-xxxx | 30.00 | | | | | | | | | | | | 30.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | | | | | | | | | | | | 200.00 | 200.00 |
| **Total** | | 30.00 | | | | | | | | | | | 200.00 | 230.00 |

### Rate Table

| | | 06/2015 | | | | | | | | | | | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 299.40 | | | | | | | | | | | 1996.00 | 2295.40 |
| Retiree Welfare Prefunding | 4.0000 | 120.00 | | | | | | | | | | | 800.00 | 920.00 |
| Pension Fund | 10.7200 | 321.60 | | | | | | | | | | | 2144.00 | 2465.60 |
| Training Fund | 0.5000 | 15.00 | | | | | | | | | | | 100.00 | 115.00 |
| **Total** | | 756.00 | | | | | | | | | | | 5040.00 | 5796.00 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

# Calibre CPA Group, PLLC

### Details Report

Page 18

Contract: CAICA - Funds Only

#### Source: Hours Worked

| Employee Findings | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KALSI, PARMJIT | xxx-xx-xxxx | 200.00 | | | | | | | | | | | | 200.00 |
| **Total** | | 200.00 | | | | | | | | | | | | 200.00 |

| Rate Table | | 06/2016 | Total |
|---|---|---|---|
| Welfare Fund | 9.9800 | 1996.00 | 1996.00 |
| Retiree Welfare Prefunding | 4.2500 | 850.00 | 850.00 |
| Pension Fund | 11.5700 | 2314.00 | 2314.00 |
| Training Fund | 0.5000 | 100.00 | 100.00 |
| **Total** | | 5260.00 | 5260.00 |

# Calibre CPA Group, PLLC

## Reconciliation of Differences Per Year

Chicago Laborers
Ranger Construction

Case: CHLAB-0517-03890
Audit Period: 1/1/2014 - 3/31/2017
Fiscal Year End: May

Manager: Tim Kalnes
Auditor: Reid Karris

### DUES ONLY

| Findings | Fiscal Year Ending: | May 2017 | May 2016 | May 2015 | Total |
|---|---|---|---|---|---|
| Dollars Not Reported | | | 5,762.40 | | 5,762.40 |
| Hours Not Reported (Dues) | | 45.00 | 268.00 | 118.50 | 431.50 |
| **Dollar Amount Due** | | | | | |
| CAICA | | 3.60 | 21.44 | 9.48 | 34.52 |
| LDCLMCC | | 7.65 | 45.56 | 14.22 | 67.43 |
| LECET | | 3.15 | 18.76 | 8.30 | 30.21 |
| Dues | | | 216.09 | | 216.09 |
| | **Total** | 14.40 | 301.85 | 32.00 | 348.25 |

Total Amount Due    348.25

Page 20

# Calibre CPA Group, PLLC

Details Report

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Contract: CAICA - Dues Only

## Source: Hours Worked

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANGEL, JUAN | xxx-xx-xxxx | 118.50 | | | | | | | | | | | | 118.50 |
| **Total** | | 118.50 | | | | | | | | | | | | 118.50 |

| Rate Table | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | 0.0800 | 9.48 | | | | | | | | | | | | 9.48 |
| LDCLMCC | 0.1200 | 14.22 | | | | | | | | | | | | 14.22 |
| LECET | 0.0700 | 8.30 | | | | | | | | | | | | 8.30 |
| **Total** | | 32.00 | | | | | | | | | | | | 32.00 |

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

# Calibre CPA Group, PLLC

## Details Report

Contract: CAICA - Dues Only

### Source: Hours Worked

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ARRAMBIDE, JUAN | xxx-xx-xxxx | 150.00 | | | | | | | | | | | | 150.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | | | | | | | | | | | | 118.00 | 118.00 |
| **Total** | | 150.00 | | | | | | | | | | | 118.00 | 268.00 |

| Rate Table | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | 0.0800 | 12.00 | | | | | | | | | | | 9.44 | 21.44 |
| LDCLMCC | 0.1700 | 25.50 | | | | | | | | | | | 20.06 | 45.56 |
| LECET | 0.0700 | 10.50 | | | | | | | | | | | 8.26 | 18.76 |
| **Total** | | 48.00 | | | | | | | | | | | 37.76 | 85.76 |

### Source: Wages Paid

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ARRAMBIDE, JUAN | xxx-xx-xxxx | 4704.00 | | | | | | | | | | | | 4704.00 |
| KALSI, PARMJIT | xxx-xx-xxxx | | | | | | | | | | | | 1058.40 | 1058.40 |
| **Total** | | 4704.00 | | | | | | | | | | | 1058.40 | 5762.40 |

| Rate Table | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | 176.40 | | | | | | | | | | | 39.69 | 216.09 |
| **Total** | | 176.40 | | | | | | | | | | | 39.69 | 216.09 |

Page 22

Local: Chicago Laborers
Contractor: Ranger Construction
Case: CHLAB-0517-03890

Calibre CPA Group, PLLC

Details Report

Contract: CAICA - Dues Only

Source: Hours Worked

| Employee Findings | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KALSI, PARMJIT | xxx-xx-xxxx | 45.00 | | | | | | | | | | | | 45.00 |
| Total | | 45.00 | | | | | | | | | | | | 45.00 |

| Rate Table | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | 0.0800 | 3.60 | | | | | | | | | | | | 3.60 |
| LDCLMCC | 0.1700 | 7.65 | | | | | | | | | | | | 7.65 |
| LECET | 0.0700 | 3.15 | | | | | | | | | | | | 3.15 |
| Total | | 14.40 | | | | | | | | | | | | 14.40 |

**Calibre CPA Group, PLLC**
**Payroll Audit Information Sheet**

I, _Jaspal S Kaler_, declare and state as follows: I am an Officer and Shareholder of _Ranger Construction Inc_ (hereinafter, the "Company") and I am duly authorized to make the representations and Enter into the agreements set forth herein on behalf of the Company.

| | | | |
|---|---|---|---|
| Employer's Name | Ranger Construction | Employer # | 35840 |
| Address | 8801 S Stony Island Ave | Phone # | 312-922-2771 |
| City, State, ZIP | Chicago IL 60617 | Fax # | 847-252-9210 |
| Email address | info@rangerconstructioncorp.com | FEIN | |
| Contact's name | Jaspal S Kaler | Title | |
| Person fund is to contact | Jaspal S Kaler | Title | |
| Entity Type | General Superintendent | AVERAGE # EE last month | 22 |
| Business Activity | Construction | AVERAGE # Lab last month | 12 |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| Satwant Kaler | President | 100 | 1401 Brown Stone pt Schaumburg IL |
| | | | |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER

DOES EMPLOYER HAVE A BOND? ☑ YES $ 5000.00 (Please attach copy) ☐ NO
BOND COMPANY NAME & PHONE # _Wintrust Financial_

IS EMPLOYER STILL IN BUSINESS? ☑ YES ☐ NO

Do any of the Company's shareholders or officers have a shareholder or officer position in another company or entity? ☐ YES ☑ NO
IF YES, LIST NAMES OF SAME

Has the Company employed any subcontractors owned or operated by any Officer, Shareholder, or family members of the Company's Officers and/or Shareholders? ☐ YES ☑ NO
IF YES, LIST NAMES OF SAME

Has the Company subcontracted work covered by the Laborers' collective bargaining agreement to any subcontractors that are not signatory with the Chicago Labor Union? ☐ YES ☑ NO
IF YES, LIST NAMES OF SAME

Is employer a member of any trade organization or association? ☐ YES ☑ NO
IF YES, LIST NAMES OF SAME

I, the undersigned, certify under penalty of perjury that the foregoing is true and correct.

_____, as Officer and Shareholder

of _Ranger Construction Inc_      Dated: 06/13/17

**Calibre CPA Group, PLLC**
**Payroll Audit Information Sheet**

AUDIT DATE  | 5/25/17 |

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S
ADDRESS

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY

- Under reported hours and wages for 27 individuals previously reported
- Unreported hours and wages for 4 laborers not previously reported (marked with an * on the schedule of findings
- Unreported hours and wages for 11 drivers and yard workers not previously reported (marked with an * on the schedule of findings)
- Wages owed for 42 individuals

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE
ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

☐ YES     ☐ NO

IF YES, EXPLAIN

AUDITOR            | Reid Karris |
FIELD REPRESENTATIVE |          |

<u>INSTALLMENT NOTE</u>

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund"), the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and the Retiree Health and Welfare Fund ("Welfare Funds" or collectively the "Funds"), the parties of the first part, and Ranger Construction (the "Company"), the parties of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity ("Union"), pursuant to which it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues:

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the period of <u>November 2015 through December 2017,</u>

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay <u>$61,182.86</u> to the Health and Welfare Fund (comprised of <u>$47,872.48</u> in delinquent contributions, <u>$5,207.14</u> in liquidated damages, <u>$956.25</u> in attorney's fees and costs and <u>$7,146.49</u> in interest) (based on an interest rate of 12%). The Company will pay <u>$27,628.53</u> to the Retiree Health and Welfare Fund (comprised of <u>$21,224.25</u> in delinquent contributions, <u>$2,307.59</u> in liquidated damages, <u>$928.13</u> in attorneys' fees and costs and <u>$3,168.56</u> in interest). The Company will also pay <u>$74,031.07</u> to the Pension Fund (comprised of <u>$58,107.28</u> in delinquent contributions, <u>$6,320.59</u> in liquidated damages, <u>$928.12</u> in attorney's fees and costs and <u>$8,675.08</u> in interest). All of these amounts shall be paid according to the schedule described below in paragraphs 4 and 5.

2. The Company will also pay <u>$2,646.08</u> to the Training Fund (comprised of <u>$2,358.25</u> in delinquent contributions, <u>$235.83</u> in liquidated damages and <u>$52.00</u> in interest), <u>$2,635.09</u> to the CAICA Fund (comprised of <u>$2,128.89</u> in delinquent contributions, <u>$212.89</u> in liquidated damages and <u>$293.31</u> in interest), <u>$8.64</u> to the LECET Fund (comprised of <u>$7.84</u> in delinquent contributions, <u>$.78</u> in liquidated damages and <u>$.02</u> in interest), <u>$20.98</u> to the LDCMC Fund (comprised of <u>$19.04</u> in delinquent contributions, <u>$1.90</u> in liquidated damages and <u>$.04</u> in interest) and <u>$844.91</u> in union dues (comprised of <u>$216.92</u> in delinquent contributions and <u>$627.99</u> in liquidated damages). These delinquent amounts shall be paid in their entirety at the time the Note is signed along with the amounts due in paragraph 4.

3. The Company will also pay the Funds or the sum of <u>$2,812.50</u> representing attorney fees and costs incurred by the Funds. This amount is split between the Welfare, Retiree Welfare and Pension Funds as described in paragraph 1 above.

4. Simultaneously with the execution of this Note, the Company will pay twenty percent (20%) of the total outstanding indebtedness, excluding note interest and the delinquent amounts described above in paragraph 2, or <u>$2,763.98</u> to the Health and Welfare Fund, <u>$1,225.41</u> to the Retiree Health and Welfare Fund and <u>$3,354.91</u> to the Pension Fund.

5. For twenty-four (24) consecutive months commencing on <u>May 1, 2018</u> and ending on <u>April 1, 2020,</u> the Company will pay <u>$2,434.12</u> per month to the Health and Welfare Fund, <u>$ 1,100.13</u> to the Retiree Health and Welfare Fund and <u>$2,944.84</u> per month to the Pension Fund.

6. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

7. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds have conducted an audit and reserve the right to conduct a further audit, in accordance with the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the time period covered herein and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on the audits.



EXHIBIT C

8. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, all amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

9. This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. Further, this Note is the subject of compromise reached by the parties whereby the Funds agreed for purposes of settlement to suspend collection of interest and liquidated damages by a total of $25,851.61 which will be released and discharged if the Company timely pays all amounts due on this Note and satisfies all contractual obligations including payment of all wages, dues, and contributions owed by the Company from its signatory date up and through the date when this Note is paid in full. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely payment of benefit contribution and dues and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note and payment in full of the additional $25,851.61 in interest and liquidated damages that was suspended for purposes of this Note. In addition, the Company must respond to the benefit and wage audits conducted by the Funds and the Union for the period of January 1, 2014 through March 31, 2017 and submit any challenges the Company has to the audits on or before May 1, 2018 including all documentation and evidence the Company wants the Funds and Union to consider in support of the Company's challenges. Thereafter, the Funds and Union will make any adjustments they deem warranted by the challenge documentation submitted by the Company and provide the Company with a demand on the revised audits and 30 days from the date the revised audits are mailed to submit payment in full of any revised amounts due and owing on the on the audits or make arrangements for payment of those amounts on terms acceptable to the Funds and the Union. If the Company fails to respond to the audits and submit all challenges and documentation in support thereof on or before May 1, 2018 or fails to pay the audits or make arrangements for payment on terms acceptable to the Funds and the Union within 30 days of the mailing of the revised audits then the Company shall be in default on the Note and the Funds shall have the right to accelerate and collect on the balance due on the Note plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note and payment in full of the additional $25,851.61 in interest and liquidated damages that was suspended for purposes of this Note. Although the Funds shall have the right to accelerate and collect the amounts owed on this Note if the parties cannot resolve the audits as set forth herein, the Company shall reserve all rights to assert defenses to and challenge the audit findings.

10. The Parties acknowledge and agree that any payments to the Union provided for in this Agreement fully comport with 29 .U.S.C. § 186(c)(2) and that they involve the compromise, adjustment, settlement or release of a claim, complaint, grievance or dispute in the absence of fraud or duress.

11. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA. Failure to maintain the required bond shall result in default on the Note and permit the Funds the right to accelerate and collect the balance due on the Note

12. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the ___3rd__ day of the __April__, 2018.

Ranger Construction

_Satwant K Kaler_

By: ___SATWANT K. KALER_____

Title: __President_____

Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Retiree Health and Welfare Fund.

By: _____

## GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of _____April 03 2018_____ by the undersigned, _____, (the "Guarantor"), to and for the benefit of the LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY (the "District Council") and any related ancillary Funds to which Ranger Construction is obligated to pay contributions to by virtue of its Agreement with the District Council and the Funds' respective Agreements and Declarations of Trust (collectively the "Funds").

WHEREAS, Ranger Construction (the "Company") has agreed to pay a total of $168,998.16 to the Funds in settlement of the alleged delinquent contributions owed to the Funds and to be paid under the terms of a Settlement Agreement and Installment Note ("Note").

WHEREAS, the Funds are unwilling to enter into the Note unless the guarantor executes this Guaranty; and

WHEREAS, the Guarantor(s) has/have a financial interest in the Company and will be benefited by the Note;

NOW THEREFOREWHEREAS, in consideration of the foregoing, the Guarantor agrees as follows:

1. **Guaranty of Payment and Indemnification.** The undersigned guarantees, absolutely and unconditionally: (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the twenty-four (24) month payment period including interest and liquidated damages for late or unpaid payments due on the Note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note including the accelerated amount of the Note and the additional $25,851.61 in interest and liquidated damages that was suspended but will be reinstated in the event of default, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post- judgment bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor hereunder (the obligations of Guarantor under this Paragraph 1 are collectively hereinafter referred to as the "Obligations"). The Guarantor also agrees to be personally liable for all benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all audits that have been issued or are issued covering any time period prior to the issuance of the Note, during the Note, or issued after the Note is paid in full but covering any time period prior to or during which Note payments were due, delinquent or being paid and including, but not limited to, interest, liquidated damages, audit costs, attorneys' fees and costs.

2. **Continuing Guaranty.** This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the part of the Company with respect to the Note; (b) any forbearance or extension of the time of payment of the Note; (c) the validity or invalidity of the Note; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Note; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantor may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantor.

3. **Waivers.** Guarantor waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantor shall remain liable as principal, notwithstanding any act, omission or thing that might otherwise operate as a legal or equitable discharge of Guarantor, until all of the Company's obligations shall have been fully paid and performed.

1



4. Subrogation. Notwithstanding anything to the contrary elsewhere contained herein or in the Note, the Guarantor(s) expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantor against a maker or obligor, to an accommodation party against the party accommodated, or to a holder or transferee against a maker, and which the guarantor may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Note. The Guarantor agrees that he or she shall not have or assert any such rights against the Company or its successors and assigns or any other party (including any surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Company (as borrower or in any other capacity) or any other person.

5. Independent Obligations. The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Note; provided, however, that nothing herein contained shall preclude the Funds from suing on the Note or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. Acceleration. In the event that payments due under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. Effect of Bankruptcy. This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Note in any such proceedings, or others.

8. Termination. This Guaranty shall remain in full force and effect as to the Guarantor until all of the Company's Obligations under the Note outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations from time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. The Company's Financial Condition. The Guarantor assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantor any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. Expenses. The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note.

11. Delay, Cumulative Remedies. No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantor will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantor are cumulative.

12. Binding Effect. This guaranty shall incur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantor and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantor, the obligations of such deceased Guarantor shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

2

13. **Default.** The Guarantor hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time after ten (10) days notice after default in any payment due under this Guaranty, and confess judgement against Guarantor, after service of notice of the claimed default, in favor of the Funds for such amount to be unpaid and owed thereon, including interest, liquidated damages and reasonable cost of collection including reasonable attorneys' fees. The Guarantor agrees to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgement, hereby ratify and confirming all that said attorney may do by virtue hereof.

14. **Warranties.** Guarantor makes to the Funds the following representations and warranties:

(a) **Authorization.** Guarantor has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder

(b) **No Conflict.** The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitute a default under, any indenture, agreement or any other instrument to which Guarantor is a party or by which Guarantor or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

(c) **Litigation.** There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantor at law or in equity or before or by governmental agency or instrumentality that involve any of the transactions herein contemplated, or the possibility of any judgment or liability that may result in any material and adverse change in the financial condition of any Guarantor. Guarantor is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

(d) **Enforceability.** This guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

15. **Notices.** All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in person, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantor refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantor

  Satwant K Kaler
  Jaspal S Kaler

In Case of the Funds:

Collection Counsel
Patrick T. Wallace
Laborers Pension & Welfare Fund
Sub Office
111 W Jackson Blvd
Suite 1415
Chicago IL 60604-3868

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided. The Funds will use their best efforts to send courtesy copies of notices provided hereunder to Guarantor's attorney, __Marty Schwartz__, But the failure by the Funds to send courtesy copies to Guarantor's attorney shall not limit or restrict the Funds' rights under this Guaranty in any manner nor relieve Guarantor of any obligations under this guaranty.

16. **Additional Waivers.** Guarantor expressly and unconditionally waives, in connection with any suit, action or proceeding brought by the Funds on this Guaranty, any and every right he or she may have to (I) injunctive relief,

3

(II) a trial by jury, (III) interpose any counterclaim therein and (IV) seek to have the same consolidated with any other or separate suit, action or proceeding.

17. Severability. If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

18. Applicable Law; Venue. This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and inter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or she may have to transfer or change the venue of any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

19. Time is of the Essence. Time is of the essence of this Guaranty as to the performance of the undersigned.

20. Death of a Guarantor. In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Note unless, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

IN WITNESS WHEREOF, the three undersigned Guarantors has executed this instrument as of the date and year first above written.

Satwant K. Kaler
Print name

Signature

Social Security Number

Date: 04-03-2018

Jaspal S Kaler
Print name

Signature

Social Security Number

Print name

Signature

APPROVED AS TO FORM AND SUBSTANCE
ON BEHALF OF GUARANTOR;

Dated:

4